Case 2:08-cr-00313-AKK-JHE   Document 18   Filed 10/02/08   Page 1 of 15            FILED
2008 Oct-15  PM 01:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
OCT 02 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

<u>SOUTHERN DIVISION</u>

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | 2:08-cr-313-IPJ-RRA |
| JAMES SHAWN HULSEY | ) | |

PLEA AGREEMENT

The United States of America, acting on behalf of the United States and through the United States Attorney for the Northern District of Alabama, the undersigned Assistant United States Attorney, hereinafter referred to as the government, and defendant James Shawn Hulsey hereby acknowledge the following plea agreement in this case:

<u>PLEA</u>

The defendant agrees to plead guilty to **COUNTS ONE, TWO, THREE, FIVE, SEVEN, EIGHT, TEN, ELEVEN, TWELVE, THIRTEEN, FOURTEEN, FIFTEEN, SIXTEEN, NINETEEN, TWENTY, TWENTY-ONE, and TWENTY-FOUR** of the Indictment filed in the above numbered and captioned matter. In exchange, the government agrees to dismiss **COUNTS FOUR, SIX, NINE, SEVENTEEN, EIGHTEEN, TWENTY-TWO, and TWENTY-THREE**, and

agrees to recommend the disposition specified below.

## TERMS OF THE AGREEMENT

### I. MAXIMUM PUNISHMENT:

The Parties understand that the maximum statutory punishment, per count, that may be imposed for the crime of Production of Child Pornography, in violation of Title 18, United States Code, Section 2251, as charged in **COUNTS ONE, TWO, THREE, FIVE, SEVEN, EIGHT, TEN, ELEVEN, TWELVE, THIRTEEN, FOURTEEN, FIFTEEN, SIXTEEN, NINETEEN, TWENTY, TWENTY-ONE** is:

    a. Imprisonment for not more than 30 years, but with a mandatory minimum of 15 years, per count (Defendant understands that the court may run imprisonment terms consecutively, for each count, which may result in a maximum term of imprisonment up to 480 years imprisonment.);

    b. A fine of not more than $250,000.00, or,

    c. Both (a and b);

    d. Supervised release of not less than 5 years up to Life; and

    e. Special Assessment Fee of $100.00 per count.

## II. <u>FACTUAL BASIS FOR PLEA</u>:

The United States would be prepared to prove the following facts beyond a reasonable doubt at the trial of this case:

On August 15, 2006, Deputies from Shelby County Sheriff's Office contacted James Shawn HULSEY, the Defendant, at 751 Morgan Street, Montevallo, Alabama in Shelby county, regarding a violation of his current state parole conditions. During this contact, HULSEY provided the deputies with a computer disk that contained pictures of Christine Staggs MCKIM, the defendant's common-law wife, engaging in sexually explicit conduct with a female child, who was born in April, 2006, hereinafter referred to as G.H. (The government is using the letters G.H., instead of the child's name in order to protect the identity and privacy interests of the victims). The sexually explicit conduct included actual and simulated sexual intercourse, including oral-genital, masturbation, and the lascivious exhibition of the genitals and pubic area of G.H., and MCKIM. HULSEY provided a voluntary statement indicating that some of the pictures were taken in Bibb county in a trailer in Brierfield, Alabama, in which MCKIM and HULSEY once lived.

As a result of the evidence on the aforementioned computer disk, deputies obtained a search warrant for the aforementioned residence in Shelby county, and subsequently located the following computer media:

1) Gateway desktop computer #XAB4C51003387 with a SATA Western Digital computer hard drive #WCAL81424304; and,

2) Kodak digital camera #KCFED54217717 with the SD Media Card.

Each of the aforementioned computer media was manufactured outside the state of Alabama, and therefore has been mailed, shipped, or transported in interstate or foreign commerce. A subsequent forensic exam was conducted by the Alabama Computer Forensic Lab upon the aforementioned computer media, and evidence of Production of Child Pornography, in violation of 18 U.S. § 2251(a) was located. More specifically, the aforementioned computer media contained atleast Sixteen (16) images of child pornography that were produced by HULSEY and MCKIM between January 1, 2005 and March 7, 2006, using materials that had previously been mailed, shipped, or transported in interstate or foreign commerce, by any means, including computer.

The images of child pornography that were produced by HULSEY and MCKIM between January 1, 2005 and March 7, 2006, clearly constitute child pornography as defined in 18 U.S.C. § 2256, because the images depict sexually explicit conduct with a real child. For example, the images depict actual and simulated sexual intercourse, including genital-genital, oral-genital, masturbation, and the lascivious exhibition of the genitals and pubic area of G.H., and D.H., and JAMES SHAWN HULSEY, and

CHRISTINE STAGGS MCKIM. Three (3) of the images of child pornography produced by HULSEY and MCKIM depict sexually explicit conduct with a real child, D.H., a male minor, who was born in or about December, 2004. (The government is using the letters D.H., instead of the child's name in order to protect the identity and privacy interests of the victims). The other images of child pornography produced by HULSEY and MCKIM depict sexually explicit conduct with a real child, G.H., the previously mentioned female minor, who was born in or about April, 2006. The images depict sadistic and masochistic conduct, including the penetration of G.H.'s vagina by the adult male penis of HULSEY and the tongue of MCKIM. In addition, other images of child pornography produced by HULSEY and MCKIM involve the commission of a sexual act and conduct described in 18 U.S.C. § 2241(a). For instance, one image depicts MCKIM holding G.H's head and forcing HULSEY's penis into G.H.'s mouth, and another image depicts HULSEY forcing his adult male penis into G.H.'s vagina.

The defendant hereby stipulates that the facts as stated above are substantially correct.

_____
James Shawn Hulsey, Defendant

## III. **RECOMMENDED SENTENCE**:

### 1) JOINT RECOMMENDATIONS

Pursuant to Rule 11(a)(2), Fed.R.Crim.P., the government and the defendant understand, agree, and recommend that the Statement of Facts as set forth above would be proved beyond a reasonable doubt at trial, to the following applicable and advisory sentencing guidelines factors, and will recommend the following disposition:

(a) The government will recommend a **two (2)** level reduction in the defendant's adjusted offense level, based upon your client's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. The government agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional **one (1)** level decrease in recognition of your client's acceptance of personal responsibility for his conduct. The government may oppose *any* adjustment for acceptance of responsibility if your client (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statement about his involvement in the offense; (d) is untruthful with the Court, the Government, or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty for any reason other than those expressly enumerated in the Limited Waiver of Right to Appeal and Post-Conviction Relief section of this plea agreement;

(b) The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income;

(c) The government will not object to the defendant's request that this sentence be served in federal custody, however the defendant

understands that such request is at the discretion of this court and the state court;

(d)  That the defendant be required to pay restitution to the minor victims in this case. This amount is to pay the victims for necessary child care, medical services relating to psychiatric and psychological care, and necessary transportation; and,

(e)  That the defendant pay a Special Assessment fee of $100.00 per count, said amount due and owing as of the date sentence is pronounced.

## 2) GOVERNMENT RECOMMENDATIONS

Pursuant to Rule 11(a)(2), Fed.R.Crim.P., the government will recommend the following, and the defendant reserves the right to oppose such recommendations:

(a) At the time of sentencing, the government will recommend a sentence of imprisonment within the advisory sentencing guideline range as determined by the Court and agree that such a sentence is reasonable under 18 U.S.C. § 3553;

(b) That following the term of imprisonment, the defendant be placed on supervised release for a period of Life, subject to the standard conditions of supervised release as set forth in U.S.S.G. § 5D1.3, and to the following special condition(s):

> 1. That the defendant be required to be register as a sex offender for the full term of his supervised release, or for the full term provided for under the law of the jurisdiction he chooses as his domicile, whichever is longer.
>
> 2. That the defendant not have contact with any child under the age of 18, without the presence of an adult and approved in advance by the

Probation Officer, this includes prohibiting the defendant from having any contact with any child by telephone or the internet. The defendant shall immediately report any unauthorized contact with minor-aged children to the Probation Officer;

3. That the defendant complete a sex offender evaluation, which may include periodic psychological, physiological, polygraph, plethysmography testing, and completion of the ABEL assessment, at the direction of the Probation Officer;

4. That the Defendant participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program. The defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. The defendant shall contribute to the cost of treatment according to the defendant's ability to pay.

5. That the Defendant register as a sex offender, according to the laws of each state in which the Defendant resides, is employed, or is attending school. The Defendant shall provide verification of compliance with this requirement to the Probation Officer; and

6. That the defendant be prohibited from using any computer, or any other device, with internet access, unless approved in advance by the Probation Officer, or required for employment. If approved by the Probation Officer, or required for employment, the defendant must allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer, and any personal computing device that the defendant possesses or has access to, including any internal or external peripherals. This may require temporary removal of the equipment for a more thorough inspection. The defendant shall not possess or use any data encryption technique or program. According to the defendant's ability to pay, the defendant shall purchase and use such hardware and software systems that monitor the defendant's computer usage, if directed by the Probation Officer.

## IV. <u>WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF</u>:

In consideration of the recommended disposition of this case, I, James Shawn Hulsey, hereby waive and give up my right to appeal my conviction in this case, as well as any fines, restitution, and/or sentence the court might impose upon me. Further I waive and give up the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255, subject to the following limitations:

The defendant reserves the right to contest in an appeal or post-conviction proceeding any or all of the following:

 (a) Any sentence imposed in excess of the applicable statutory maximum sentence(s);

 (b) Any sentence that constitutes an upward departure from the advisory guideline sentencing range calculated by the court at the time sentence is imposed;

 (c) The defendant may file a direct appeal of the court's adverse determination of defendant's pre-trial motions to suppress evidence regarding the following two issues: (1) whether the information relied upon in the affidavits for search warrants were sufficiently stale to justify suppression; and (2) whether the affidavits and search warrants were too broad and therefore unreasonable.

 (d) The defendant may file a direct appeal of the court's adverse determination of defendant's pre-trial motion to dismiss count one of the Indictment on the grounds that the statute allegedly

violated, Title 18, United States Code, Section 2251(a), is unconstitutional on its face, because it falls outside the scope of Congress's powers under the Commerce Clause, and is unconstitutional as applied to the defendant.

The defendant acknowledges that before giving up these rights, he discussed the Federal Sentencing Guidelines and their application to his case with his attorney, who explained them to his satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, James Shawn Hulsey, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

*[signature]*
James Shawn Hulsey
Defendant

## V. **UNITED STATES SENTENCING GUIDELINES**:

Counsel has explained to the defendant, that in light of the United States Supreme Court's recent decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence

to reach an advisory guideline range and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT:

The Parties fully and completely understand and agree that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT,** and that the Court need not accept the government's recommendation. Further, the defendant understands that if the Court does not accept the government's recommendation, he does not have the right to withdraw his plea.

## VII. VOIDING OF AGREEMENT:

The defendant understands that should he (a) violate any federal, state, or local law after entering into this Plea Agreement, (b) move the Court to accept his plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or (c) tender a plea of *nolo contendere* to the charges, the agreement will become NULL and VOID, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained therein.

## VIII. OTHER DISTRICTS AND JURISDICTIONS:

The parties understand and agree that this agreement **DOES NOT BIND** any

other United States Attorney in any other district, or any other state or local authority.

## IX. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS:

Unless otherwise specified herein, the parties understand and acknowledge that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's tax liabilities, if any, or to any pending or prospective forfeiture or other civil or administrative proceedings.

The Defendant agrees to forfeit to the the government all of his right, title, and interest in any and all money, property, or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, the Defendant's illegal activities, including all digital cameras, digital camera-related media, personal computers, and computer-related media used to facilitate this offense, including but not limited to the following property:

> 1) Gateway desktop computer #XAB4C51003387 with a SATA Western Digital computer hard drive #WCAL81424304; and,
>
> 2) Kodak digital camera #KCFED54217717 with the SD Media Card.

The Defendant agrees to assist fully the government in the forfeiture of the foregoing assets. The Defendant agrees to take all steps necessary to pass to the government clear title to these assets, including but not limited to executing any and all documents necessary to transfer his interest in any of the above property to the

government, assisting in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. The Defendant further agrees that he will not assist a third party in asserting a claim to the foregoing assets in an ancillary proceeding.

The Defendant knowingly waives all constitutional, legal and equitable defenses to the forfeiture of the foregoing assets. It is further understood that, in the event that the government files a civil action pursuant to 18 U.S.C. § 981 or any law enforcement agency initiates a forfeiture proceeding seeking to forfeit these assets, the Defendant will not file a claim with the Court or agency or otherwise contest such a forfeiture action and will not assist a third party in asserting any such claim. It is further understood that the Defendant will not file or assist anyone in filing a petition for remission or mitigation with the Department of Justice concerning the forfeited assets.

## X. **DEFENDANT'S UNDERSTANDING**:

I have read and understand the provisions of this agreement consisting of pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a

trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated hereafter:

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate I have read and approve all of the previous paragraphs of this Agreement, and understand all of the provisions of this Agreement, both individually and as a total binding agreement.

_10-02-08_
DATE

_James Shawn Hulsey_
James Shawn Hulsey
Defendant

Page 14 of 15

## XI. COUNSEL'S ACKNOWLEDGMENT:

I have discussed this case with my client, James Shawn Hulsey, in detail and have advised James Shawn Hulsey of his rights and all possible defenses. My client has conveyed to me that he understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea as indicated above and on the terms and conditions set forth herein.

10/02/08
DATE

William H. Broome
Defendant's Counsel

## XII. GOVERNMENT'S ACKNOWLEDGMENT:

I have reviewed this matter and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

ALICE H. MARTIN
United States Attorney

10/2/08
DATE

Daniel J. Fortune
Assistant United States Attorney